JARED BOBROW (State Bar No. 133712)
jared.bobrow@weil.com
J. JASON LANG (State Bar No. 255642)
jason.lang@weil.com
JUSTIN M. LEE (State Bar No. 268310)
justin.m.lee@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendant
MICRON TECHNOLOGY, INC.

**ORIGINAL**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV 14 80334 MISC

| | |
|---|---|
| HSM PORTFOLIO LLC, et al., , <br><br> Plaintiffs, <br><br> v. <br><br> FUJITSU LIMITED, et al., <br><br> Defendants. | Case No. _____-MISC <br><br> Principal Case Pending in the United States District Court for the District of Delaware (1:11-cv-00770-RGA) <br><br> **DEFENDANT MICRON TECHNOLOGY, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION TESTIMONY AND PRODUCTION OF DOCUMENTS BY ALLIACENSE LIMITED LLC AND ITS TWO EMPLOYEES, MIKE DAVIS AND GARY JOHNSON** <br><br> Date: TBD <br> Time: TBD <br> Judge: TBD |

**REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

---

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1
I.   LOCAL RULE 37-1(A) CERTIFICATION ..................................................................... 1
II.  INTRODUCTION ............................................................................................................. 1
III. STATEMENT OF FACTS ............................................................................................... 3
     A.   The Underlying Litigation................................................................................... 3
     B.   The Alliacense Subpoenas .................................................................................. 3
IV.  SPECIFICALLY DISPUTED REQUESTS ..................................................................... 5
V.   ARGUMENT .................................................................................................................... 8
     A.   Legal Standard..................................................................................................... 8
     B.   Alliacense Must Provide the Requested Documents and Testimony................. 9
VI.  CONCLUSION................................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*CallWave Communs., Inc. v. WaveMarket, Inc.*,
  No. 14-80112, 2014 U.S. Dist. LEXIS 88073 (N.D. Cal. June 26, 2014) .................................. 8, 9

*Digital Reg of Texas, LLC v. Adobe Sys. Inc.*,
  CV 12-01971-CW (KAW), 2013 WL 5442269 (N.D. Cal. Sept. 30, 2013) .................................. 8

*HSM Portfolio, LLC, et al. v. Fujitsu Ltd., et al.*,
  Case No. 11-cv-00770 (D. Del.) ............................................................................................ 1, 3, 9

*United States v. Blue Cross Blue Shield of Mich.*,
  2012 U.S. Dist. LEXIS 146403 (E.D. Mich. Oct. 11, 2012) ......................................................... 9

*United States v. Int'l Union of Petroleum & Indus. Workers*,
  870 F.2d 1450 (9th Cir. 1989) ...................................................................................................... 8

*Wordtech Sys., Inc v. Integrated Networks Solutions, Inc.*,
  609 F.3d 1308 (Fed. Cir. 2010) .................................................................................................... 9

**FEDERAL STATUTES**

Fed. R. Civ. P. 26(b) ........................................................................................................................ 8

Fed. R. Civ. P. 26(b)(1) ................................................................................................................... 8

Fed. R. Civ. P. 26(b)(2) ................................................................................................................... 8

Fed. R. Civ. P. 30(b)(6) ..................................................................................................... 2, 3, 7, 10

Fed. R. Civ. P. 37 ............................................................................................................................ 5

Fed. R. Civ. P. 37-1(a) .................................................................................................................... 1

Fed. R. Civ. P. 37-2 ........................................................................................................................ 8

Fed. R. Civ. P. 45(a)(1)(A)(iii) ....................................................................................................... 8

Fed. R. Civ. P. 45(d)(1) ................................................................................................................... 8

Fed. R. Civ. P. 45(d)(2)(B)(i) .......................................................................................................... 8

Fed. R. Civ. P. 45(d)(2)(B)(ii) ......................................................................................................... 8

## NOTICE OF MOTION

TO ALLIACENSE LIMITED LLC ("Alliacense"), MIKE DAVIS, GARY JOHNSON, AND THEIR ATTORNEYS OF RECORD:

Pursuant to Fed. R. Civ. P. 45(d)(2)(B), Defendant Micron Technology, Inc. ("Micron") brings this motion to compel Alliacense and two of its employees, Mike Davis and Gary Johnson, to comply with properly issued subpoenas to produce documents and to appear for deposition in the above-captioned action pending in the United Stated District Court for the District of Delaware. Micron's motion is based on this Notice of Motion, the Memorandum of Points and Authorities in support thereof, and such further matters that are presented to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  LOCAL RULE 37-1(A) CERTIFICATION

Pursuant to Local Civil Rule 37-1(a), the undersigned counsel for Micron represent that they have met and conferred in good faith to resolve the disputed matter before filing this motion. Despite the good faith efforts of counsel, the meet and confer was unsuccessful.

### II.  INTRODUCTION

On September 1, 2011, Plaintiffs HSM Portfolio LLC ("HSM") and Technology Properties Limited LLC ("TPL") (collectively "Plaintiffs") filed a complaint in the District of Delaware alleging patent infringement against 18 groups of Defendants, including Micron. *HSM Portfolio, LLC, et al. v. Fujitsu Ltd., et al.*, Case No. 11-cv-00770 (D. Del.) ("the Action"). All Defendants except Micron have either been dismissed or have reached a settlement-in-principle. Alliacense, while technically a third-party, lies at the heart of the Action and has a substantial financial interest in the Action. Micron subpoenaed Alliacense for production of documents on March 7, 2014 and for a deposition on October 28, 2014.[1] Alliacense has produced just two documents—one of which was just produced on November 18, 2014. And after repeated requests for a date certain for depositions, it has refused to provide a date certain for the depositions or even indicate on what topics it would

---

[1] Codefendant Qualcomm previously subpoenaed Alliacense on June 26, 2014 for a deposition noticed for July 24, 2014, which never occurred. Qualcomm, however, was dismissed from the case on September 8, 2014 (D.I. 850).

designate a witness for Alliacense—despite fact discovery closing on the day of this filing, December 5, 2014.[2]

Alliacense's role in this Action cannot be understated. The Plaintiffs directly compensate Alliacense for services relating to this Action, including to investigate potential cases of infringement and to act as Plaintiffs' licensing arm. Indeed, Alliacense holds itself out as ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Declaration of Justin M. Lee ("Lee Decl.") Ex. 1 [April 11, 2008 Alliacense Letter to Micron]; Lee Decl. Ex. 2 at 12 [Second Chapter 11 Status Conference Statement of TPL]. The entanglement among Alliacense and Plaintiffs is also evident in that Alliacense appears to be owned and run by the same family members that own and run Plaintiffs. For example, Daniel Leckrone owns both TPL and Alliacense. Lee Decl. Ex. 2 at 11 [Second Chapter 11 Status Conference Statement of TPL]. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Lee Decl. Ex. 3. at 11:1-10 [Nov. 18, 2014 M. Leckrone Tr.].

But Alliacense's exclusive control of key information in this Action became crystal clear only on November 18-19th. Specifically, Micron has repeatedly sought evidence concerning the ▓▓▓▓ licenses to the patents-in-suit from Plaintiffs and from Alliacense—as these payments (for the licenses) and the circumstances relating thereto will be a major factor in the damages analysis in this Action. These licenses are agreements between Plaintiff-TPL and various third-party entities. Plaintiffs assert that the ▓▓▓▓ payments in the licenses and settlement agreements were arrived at by ▓▓▓▓▓▓▓▓ But Plaintiffs have produced no documentation that evidences how those lump-sum payments were arrived at or how the (revenue figures) were calculated. And in recent 30(b)(6) testimony on November 18-19 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Lee Decl. Ex. 3 at 191:21-23 [Nov. 18, 2014 M. Leckrone Tr.].

---

[2] The parties are currently negotiating a stipulation to extend the fact discovery with respect to third-party discovery. But this does not affect that Alliacense is still refusing to produce any additional documents.

MOTION TO COMPEL DEPOSITION TESTIMONY
& PRODUCTION OF DOCUMENTS                    2                         MISC CASE NO.

Thus, it is now unmistakable that Alliacense is in possession of key documents and testimony relating to this Action. Yet despite Micron, immediately after eliciting the November 18-19 testimony, repeatedly requesting this evidence from Alliacense, it is still refusing to provide this critical evidence. Again, Alliacense has produced only two documents in this case. Micron accordingly seeks all non-privileged documents available to Alliacense relating to the licenses to the patents-in-suit and to the manner in which the royalty payments were calculated, including information about licensee revenues and revenues of products accused of infringement. In addition to its deficient document production, Alliacense has refused to provide a 30(b)(6) designee anytime within (or near the close of) the discovery period, much less commit to designate on the witness on set topics. Similarly, it has not provided deposition dates for either Alliacense employee Gary Johnson or Mike Davis. Accordingly, Micron moves to compel Alliacense to provide a deponent responsive to Micron's properly noticed 30(b)(6) topics and moves to compel the depositions of Messrs. Johnson and Davis.

### III.  STATEMENT OF FACTS

#### A.  The Underlying Litigation

Micron is a defendant in *HSM Portfolio LLC, et. al. v. Fujitsu Limited, et. al.*, which is currently pending in the United States District Court for the District of Delaware. The Plaintiffs allege infringement of four U.S. Patents[3]. The discovery deadline in that matter is scheduled for December 5, 2014.

#### B.  The Alliacense Subpoenas

On March 7, 2014, Micron served its first subpoena on Alliacense, seeking production of documents. Lee Decl. Ex. 4 [Micron First Subpoena to Alliacense]. Micron sought, among other things, information regarding licensing activity in which Alliacense engaged on behalf of HSM or TPL, studies of the patents-in-suit conducted by Alliacense, and communications between

---

[3] The patents at issue in the underlying litigation are U.S. Patent No. 5,030,853, entitled "High speed logic and memory family using ring segment buffer," U.S. Patent No. 5,391,949, entitled "Differential latching inverter circuit," U.S. Patent No. 5,247,212, entitled "Complementary logic input parallel (clip) logic circuit family," and U.S. Patent No. 5,001,367, entitled "High speed complementary field effect transistor logic circuits."

MOTION TO COMPEL DEPOSITION TESTIMONY
& PRODUCTION OF DOCUMENTS           3                    MISC CASE NO.

Alliacense and other persons or entities regarding the patents-in-suit. In response, Alliacense objected to the requests and produced just two documents—one of which was produced during a November 2014 deposition. Lee Decl. Ex. 5 [Alliacense Objections and Responses to Micron First Subpoena].

Subsequently, on October 28, 2014, Micron served its second subpoena on Alliacense, seeking deposition testimony. Lee Decl. Ex. 6 [Micron Second Subpoena to Alliacense]. Alliacense served objections on each topic for which Micron had requested testimony, but failed to designate a suitable deponent pursuant to Fed. R. Civ. P. 30(b)(6). Lee Decl. Ex. 7 [Alliacense Objections and Responses to Micron Second Subpoena].

Also on October 28, 2014, Micron served subpoenas on Alliacense employees Gary Johnson and Mike Davis. Lee Decl. Ex. 8 [Micron Subpoenas to Gary Johnson and Mike Davis]. Again, Alliacense's counsel, which also apparently represents or speaks for Messrs. Johnson and Davis, has failed to provide deposition dates for these employees.[4]

Only in late November—███████████████████████████████████████

On November 18, 2014, Micron took the deposition of Mr. Mac Leckrone as corporate designee for Plaintiffs. ██████████████████████████████████████████████

████████████ Lee Decl. Ex. 3 at 188:18-190:14; 175:22-176:20 [Nov. 18, 2014 M. Leckrone Tr.]. ████████████████████████████████████████████

One day thereafter, on November 20, 2014, Micron renewed its requests for deposition dates

---

[4] Mr. Bragalone, counsel for Alliacense, has been speaking on the behalf of Messrs. Johnson and Davis with respect to scheduling these depositions. Lee Decl. Ex. 9 [11/26/2014 Email from J. Bragalone].

of Alliacense, Mr. Johnson, and Mr. Davis. Lee Decl. Ex. 10 [11/20/2014 Email from J. Lee]. Receiving no dates, again on November 26, 2014, Micron requested both dates as well as responsive documents. Lee Decl. Ex. 11 [11/26/2014 Email from J. Lee]; Lee Decl. Ex. 12 [11/26/2014 Email from J. Lee]. Finally, Plaintiffs responded, but did not provide deposition dates or commit to producing additional documents, and even indicated that it might not provide deposition testimony on all topics. Lee Decl. Ex. 9 [11/26/2014 Email from J. Bragalone]. Immediately, Micron requested a meet and confer. Lee Decl. Ex. 13 [11/26/2014 Email from J. Lang]. Finally, the parties met and conferred on December 4th, but Plaintiffs would not commit to producing any additional documents, identify which (if any) topics they would designate Alliacense witnesses on, or identify dates for Messrs. Johnson and Davis. Plaintiffs simply said they would commit to providing Alliacense testimony some time the week of January 12th—more than a month after the close of fact discovery—and that Mr. Davis would likely be the deponent.

## IV.    SPECIFICALLY DISPUTED REQUESTS

Alliacense has objected to Request Nos. 2, 4, 5, 18, 19, 23, 35, and 41 and refused to produce the documents it possesses that are responsive to these Requests. Pursuant to Local Rule 37, Micron sets forth those Requests and Alliacense's objections and responses:

**REQUEST NO. 2:**

All Documents that discuss or reflect the negotiation of any agreements for the licensing, sublicensing, or assignments of patents, technology, or know-how Relating to the Patents-In-Suit or the Related Patents.

**RESPONSE:**

Alliacense incorporates the foregoing General Objections as if specifically set forth herein. Alliacense objects to this Request to the extent it calls for the disclosure of information subject to attorney-client privilege, work-product doctrine, consulting expert privilege, joint-client privilege, common interest doctrine, or any other applicable privilege, protection, or immunity. Alliacense objects to this Request as unduly burdensome, expensive, cumulative, or unnecessary to the extent it is duplicative of other requests. Alliacense objects to this Request because it is not reasonably calculated to lead to the discovery of admissible evidence. For example, this request seeks information related to communications with other parties that is inadmissible under Rule 408(a). Alliacense objects to this Request to the extent that it calls for Alliacense to produce confidential, proprietary, or trade secret information. Alliacense objects to this Request as overly broad and unduly burdensome because it is not properly limited in time. Alliacense

objects to this Request as imposing undue burden and expense to the extent that the requested information is duplicative of discovery already produced by Plaintiffs in the above-captioned matter. Alliacense objects to this Request to the extent that it seeks information that is not within the possession, custody, and/or control of Alliacense. Alliacense reserves the right to supplement its response at any time, without limitation or prejudice.

**REQUEST NO. 4:**

All Documents that discuss or reflect meetings and Communications between Alliacense and any third party Relating to the Patents-In-Suit or the Related Patents, including but not limited to all Documents that discuss or reflect meetings and Communications between Alliacense and any potential or actual licensees, sublicencees, or assignees of the Patents-In-Suit or the Related Patents.

**RESPONSE:**

Alliacense incorporates the foregoing General Objections as if specifically set forth herein. Alliacense objects to this Request to the extent it calls for the disclosure of information subject to attorney-client privilege, work-product doctrine, consulting expert privilege, joint-client privilege, common interest doctrine, or any other applicable privilege, protection, or immunity. Alliacense objects to this Request as unduly burdensome, expensive, cumulative, or unnecessary to the extent it is duplicative of other requests. Alliacense objects to this Request because it is not reasonably calculated to lead to the discovery of admissible evidence. For example, this request seeks information related to meetings and Communications with other parties that is inadmissible under Rule 408(a). Alliacense objects to this Request to the extent that it calls for Alliacense to produce confidential, proprietary, or trade secret information. Alliacense objects to this Request as overly broad and unduly burdensome because it is not properly limited in time. Alliacense objects to this Request as imposing undue burden and expense to the extent that the requested information is duplicative of discovery already produced by Plaintiffs in the above-captioned matter. Alliacense objects to this Request to the extent that it seeks information that is not within the possession, custody, and/or control of Alliacense. Alliacense reserves the right to supplement its response at any time, without limitation or prejudice.

**REQUEST NO. 18:**

All Documents Related to any financial evaluations, analyses, or valuations of any one or more of the Patents-In-Suit or of any licenses for any one or more of the Patents-In-Suit or Related Patents.

**RESPONSE:**

Alliacense incorporates the foregoing General Objections as if specifically set forth herein. Alliacense objects to this Request to the extent it calls for the disclosure of information subject to attorney-client privilege, work-product doctrine, consulting expert privilege, joint-client privilege, common interest doctrine, or any other applicable privilege, protection, or immunity. Alliacense objects to this Request as unduly burdensome, expensive, cumulative, or unnecessary to the extent it is duplicative of other requests. Alliacense objects to this Request because it is not reasonably

calculated to lead to the discovery of admissible evidence. Alliacense objects to this Request to the extent that it calls for Alliacense to produce confidential, proprietary, or trade secret information. Alliacense objects to this Request as overly broad and unduly burdensome because it is not properly limited in time. Alliacense objects to this Request as imposing undue burden and expense to the extent that the requested information is duplicative of discovery already produced by Plaintiffs in the above-captioned matter. Alliacense objects to this Request to the extent that it seeks information that is not within the possession, custody, and/or control of Alliacense. Alliacense reserves the right to supplement its response at any time, without limitation or prejudice.

**REQUEST NO. 19:**

All Documents Related to computations of a reasonable royalty for a license to any or all of the Patents-In-Suit or Related Patents, including a license to any portfolio including the Patents-In-Suit.

**RESPONSE:**

Alliacense incorporates the foregoing General Objections as if specifically set forth herein. Alliacense objects to this Request to the extent it calls for the disclosure of information subject to attorney-client privilege, work-product doctrine, consulting expert privilege, joint-client privilege, common interest doctrine, or any other applicable privilege, protection, or immunity. Alliacense objects to this Request as unduly burdensome, expensive, cumulative, or unnecessary to the extent it is duplicative of other requests. Alliacense objects to this Request because it is not reasonably calculated to lead to the discovery of admissible evidence. Alliacense objects to this Request to the extent that it calls for Alliacense to produce confidential, proprietary, or trade secret information. Alliacense objects to this Request as overly broad and unduly burdensome because it is not properly limited in time. Alliacense objects to this Request as imposing undue burden and expense to the extent that the requested information is duplicative of discovery already produced by Plaintiffs in the above-captioned matter. Alliacense objects to this Request to the extent that it seeks information that is not within the possession, custody, and/or control of Alliacense. Alliacense reserves the right to supplement its response at any time, without limitation or prejudice.

**REQUEST NO. 41:**

All Documents discussing or reflecting computations, and Documents used to support such computations, of what Alliacense considers to be a reasonable royalty for a license for any or all of the Patents-In-Suit.

**RESPONSE:**

Alliacense incorporates the foregoing General Objections as if specifically set forth herein. Alliacense objects to this Request to the extent it calls for the disclosure of information subject to attorney-client privilege, work-product doctrine, consulting expert privilege, joint-client privilege, common interest doctrine, or any other applicable privilege, protection, or immunity. Alliacense objects to this Request as unduly burdensome, expensive, cumulative, or unnecessary to the extent it is duplicative of other requests. Alliacense objects to this Request because it is not reasonably calculated to

lead to the discovery of admissible evidence. Alliacense objects to this Request to the extent that it calls for Alliacense to produce confidential, proprietary, or trade secret information. Alliacense objects to this Request as overly broad and unduly burdensome because it is not properly limited in time. Alliacense objects to this Request as imposing undue burden and expense to the extent that the requested information is duplicative of discovery already produced by Plaintiffs in the above-captioned matter. Alliacense reserves the right to supplement its response at any time, without limitation or prejudice.

## V.  ARGUMENT

Micron's request for documents and testimony that evidences how the entities to the licenses under the patents-in-suit reached ▮▮▮▮▮▮▮▮▮▮ is directly and highly relevant to the calculation of damages in Plaintiffs' case against Micron. Alliacense, as the agent in charge of license negotiations for the licenses to the patents-in-suit, has provided no reasonable justification for refusing to provide these documents, 30(b)(6) testimony, or the depositions of its employees.

Micron respectfully requests that this Court issue an order pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i) compelling Alliacense to produce the requested documents and testimony, as well as compel the individual employee depositions. The Delaware District Court issued a valid subpoena, which was properly served. Alliacense objected to the production of such documents and thereby triggered Micron's right to move this Court for an order compelling production pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i). Under Local Civil Rule 37-2, a party moving to compel discovery must further "detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied."

### A.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(A)(iii), any party may serve a subpoena commanding a non-party to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." "Control is defined as the legal right to obtain required documents on demand." *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989).

Subpoenas are subject to the relevance requirements of Fed. R. Civ. P. 26(b). *Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, CV 12-01971-CW (KAW), 2013 WL 5442269, at *2 (N.D. Cal. Sept. 30, 2013). A party "may obtain discovery regarding any nonprivileged matter that is relevant to any

party's claim or defense." Fed. R. Civ. P. 26(b)(1). "The information 'need not be admissible at the trial' so long as it appears 'reasonably calculated to lead to the discovery of admissible evidence.'" *Digital Reg of Texas, LLC*, 2013 WL 5442269, at *2.

Federal Rule of Civil Procedure 45(d)(2)(B)(ii) protects non-parties from "significant expense resulting from compliance." However, even if the expense is significant, "a non-party can be required to bear some or all of its expenses where the equities of a particular case demand it." *CallWave Communs., Inc. v. WaveMarket, Inc.*, No. 14-80112, 2014 U.S. Dist. LEXIS 88073, at *10 n. 3 (N.D. Cal. June 26, 2014). To determine whether the costs are significant and should be shifted from the non-party, courts must balance the equities, including: "(1) whether the non-party has an interest in the outcome of the case; (2) whether the non-party can more readily bear its costs than the requesting party; and (3) whether the litigation is of public importance." *CallWave Communs., Inc.*, 2014 U.S. Dist. LEXIS, at *10; *United States v. Blue Cross Blue Shield of Mich.*, 2012 U.S. Dist. LEXIS 146403, at *8 (E.D. Mich. Oct. 11, 2012).

### B. Alliacense and Its Employees Should Be Compelled to Provide the Requested Documents and Testimony

The licensing information sought—including the underlying information relating to the base rate and the revenues associated with the licensed products—is unquestionably relevant to the damages calculation in the Action. When Alliacense negotiates lump-sum license agreements for its Fast Logic Portfolio, Plaintiffs apparently contend that the negotiation is based off of a calculation that involves applying a percentage royalty rate to a base line of revenue associated with certain purportedly infringing products. Micron disputes this assertion, but regardless, if Alliacense, as Plaintiffs' licensing agent, has documents and other information that demonstrate these facts, Micron is entitled to them during discovery. Notably, the Federal Circuit has rejected damages theories where a party relied on lump-sum licenses to create an established royalty without providing volume of sales or projected sales of the lump-sum licenses, i.e., the associated base values. *Wordtech Sys., Inc v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1320-21 (Fed. Cir. 2010). Micron is entitled to discovery that explains the factual basis for the ▆▆▆▆ number arrived at, particularly the base values for these licenses.

---

MOTION TO COMPEL DEPOSITION TESTIMONY
& PRODUCTION OF DOCUMENTS                              9                              MISC CASE NO.

It has now become clear that Alliacense (not the Plaintiffs themselves) is the entity who would have this material. This became clear in late November through Plaintiffs' corporate testimony. Lee Decl. Ex. 3 at 188:18-190:14; 175:22-176:20; 192:15-193:6 [Nov. 18, 2014 M. Leckrone Tr.]. Indeed, the idea that Alliacense has no responsive documents is beyond the pale. According to a declaration submitted by Alliacense President Mac Leckrone in TPL's bankruptcy proceeding, Alliacense is in charge of the "Fast Logic Licensing Program," which refers to the portfolio of patents that includes the patents-in-suit. Lee Decl. Ex. 14 at 3 [Declaration of M. Leckrone]. As of May 8, 2013, Alliacense claims to have attended or generated "1,136 meetings, 17,000+ pieces of correspondence, and 650+ Product Reports (books of detailed product analyses)" in connection with this licensing effort. *Id.* Alliacense also supports TPL's litigation efforts: "Alliacense provides an array of Litigation Support Services including the implementation of TPL's litigation strategy, the preparation of infringement contentions, the review and analysis of invalidity contentions and claim construction recommendations." *Id.* It is therefore not credible that Alliacense has only two documents relevant to the licenses to the patents-in-suit, such as the calculation of a reasonable royalty, when it concedes that it was the licensing arm in charge of negotiating dozens of licenses for the patents-in-suit. Accordingly, Micron respectfully requests that the Court order Alliacense to produce all information available to Alliacense relating to the calculation of royalties in the licenses under the patents-in-suit, including revenue and sales information for the accused and licensed products, whether that information is from public sources, from the licensee, and whether or not communicated to the licensee.

On December 4, 2014, one day before this motion was filed, Alliacense suggested that they could not and would not produce financial information related to documents produced for settlements made in this Action. Confusingly, counsel for Plaintiffs and Alliacense also suggested that they would produce documents on which they would rely. This is fundamentally unfair, and amounts to Plaintiffs saying that they should be permitted to "cherry pick" the documents helpful to them while withholding the documents that are not. To the extent Alliacense has destroyed documents relevant to an ongoing litigation, Micron reserves all rights to move for appropriate remedies.

Regarding the 30(b)(6) testimony, Alliacense has stalled in providing a corporate designee and the testimony of its employees Messrs. Davis and Johnson. Given Alliacense's in-depth involvement in the licensing of the patents-in-suit and its close relationship with Plaintiffs, Alliacense has not provided and cannot provide any legitimate reason for refusing to provide a designee or the properly noticed witnesses for deposition. Plaintiffs knew that Alliacense lies at the heart of this litigation and has no justifiable reason not to have been cognizant of the needs for this discovery.

## VI. CONCLUSION

For the foregoing reasons, Micron respectfully requests that this Court order Alliacense to produce the relevant, non-privileged documents in its possession that are responsive to Micron's document subpoena. Further, Micron requests that the Court order Alliacense to designate a witness on the topics requested by Micron pursuant to Fed. R. Civ. P. 30(b)(6) and make the 30(b)(6) witness or witnesses available for dates-certain, and order the depositions of Alliacense employees Davis and Johnson on dates-certain.

Dated: December 5, 2014

WEIL, GOTSHAL & MANGES LLP

By: _____
Jared Bobrow

*Attorneys for Defendant*
Micron Technology, Inc.